## No. 10,630

### Orleans

### TERRIBERRY, RICE & YOUNG v. STEWART

(January 21, 1929. Opinion and Decree.)

H. F. Styles, Jr.; Terriberry, Young, Rault and Carroll, of New Orleans, attorneys for plaintiff, appellee.

L. E. Jung, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit by a law partnership for a balance of $600.00 alleged to be due on account of a fee, and for $24.95 as costs expended for account of defendant. Defendant admits the employment of plaintiff, but denies any indebtedness, contending that there was an agreement with plaintiffs to conduct the litigation, upon which plaintiff's charge is based, for a fee of $100.00, and for an allowance for costs of $25.00, which sums were admittedly paid to plaintiff.

The services of the plaintiff related to the prosecution of a suit on behalf of the defendant, Stewart, and several of his relatives, against the Metairie Cemetery Association for damages and for recognition of their rights in a certain tomb in Metairie Cemetery in the City of New Orleans. It appears that an exception of non-joinder was filed to the petition prepared by plaintiff and maintained, and thereafter a second suit was filed, which resulted adversely to the defendant. Plaintiff prosecuted an appeal and retired from the case while pending in the Supreme Court.

In defendant's answer it is alleged that the reason for the dismissal of the first suit was a professional error committed by the plaintiff firm in not pursuing the course insisted upon by defendant in the preparation of the first suit. In the testimony of defendant the statement is made that the error was admitted by the member of the plaintiff firm who handled the case at the trial of the exception which resulted in its dismissal, and a voluntary offer made to remit the fee and assume the cost of the first suit, which, as heretofore pointed out, it is claimed, was originally undertaken upon a stated fee of $100.00.

The alleged agreement concerning the fee is denied by three members of the defendant firm, and particularly and most emphatically by Mr. Young, who originally had charge of the matter for the plaintiff firm. In addition, there is in the record a bill rendered by plaintiff, in great detail, in which there appears a credit item of $100.00, described as a "retainer fee." It might be argued on behalf of a litigant less familiar with legal procedure and professional terms that the word "retainer" would import no significance to the lay mind, but in this instance defendant professes unusual familiarity with the law and criticizes the work of his counsel in the preparation of his petition. Consequently, he must have known what was meant by the use of the word "retainer." On this point our conclusion is that the evidence fails to show the contract relied upon by defendant.

On the question of the quantum, we were much impressed with the statement 'e trial judge, to the effect that the services, for which compensation is

claimed in this suit, were performed before him, as trial judge, in the second suit, and, that in awarding the full amount claimed, he was satisfied that it was a reasonable fee. Counsel for defendant, however, points out that the subject-matter of the litigation involved only a small fractional interest in a tomb worth $3,000.00, and, that the interest of defendant was not intrinsically worth the sum claimed by his attorneys.

A lawyer's fee, of course, should always bear an appropriate relation to the advantage to be obtained by his client in the litigation for which the fee is charged, but, other things besides material gain influence clients in the employment of professional services. Motives of anger, an outraged sense of justice, or sentimental considerations, influence human conduct in this regard as in all other forms of activity. It is probable that plaintiff appraised the sentimental value of the object of the lawsuit far beyond any material consideration. His right of burial in his family tomb was involved and it is most likely that he would be willing to pay a proper fee to counsel to obtain this result through the litigation which they instituted.

There is absolutely nothing to indicate the alleged lack of professional qualifications on the part of any member of the plaintiff firm, except defendant's statement, and our knowledge of the gentlemen composing that firm and our observation of their professional activities, abundantly refute the imputation.

The trial judge, who had unusual opportunity to value the plaintiff's services, allowed the full amount claimed, and we see no reason to disturb his judgment.

For the reasons assigned, the judgment appealed from is affirmed.